**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-4542**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

LAMAR LOUIS JOHNSON, a/k/a McJag,

                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge.  (2:19-cr-00550-DCN-1)

─────────────

Submission:  December 19, 2022                    Decided:  June 27, 2023

─────────────

Before WILKINSON, DIAZ, and RUSHING, Circuit Judges.

─────────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Howard W. Anderson III, TRULUCK THOMASON LLC, Greenville, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, Leesa Washington, Assistant U.S. Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamar Louis Johnson pled guilty to conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. The district court sentenced him to 324 months' imprisonment. On appeal, Johnson seeks to challenge the calculation of his criminal history score and a special condition of supervised release. The Government has filed a partial motion to dismiss, arguing that Johnson's challenge to his criminal history score is barred by the waiver of appellate rights in his plea agreement. We grant the Government's motion and affirm as to Johnson's challenge to the disputed condition of supervised release.

We review de novo the validity of an appeal waiver and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). "An appellate waiver is valid if the defendant's agreement to the waiver was knowing and intelligent." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). "Generally, . . . if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). "[T]he issue ultimately is evaluated by reference to the totality of the circumstances," considering "the particular facts and circumstances surrounding th[e] case, including the background, experience, and conduct of the accused." *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005) (internal quotation marks omitted).

2

Johnson does not dispute that the waiver of his rights was knowing and voluntary, and our review of the record confirms that it was. Rather, Johnson claims that he could not waive his argument because his challenge to his criminal history category rests on a claim that his prior convictions were obtained in violation of his Sixth Amendment right to counsel. While we have held that a defendant cannot "waive[] his right to appeal his sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of his Sixth Amendment right to counsel," *United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994), that is not the situation here. Johnson was represented by counsel in the district court. Instead, Johnson "seek[s] to challenge [his] sentence[] on the ground that [it] rest[s] on an improper application of the [G]uidelines." *Id.* Thus, his argument is barred by his waiver of appellate rights.

Turning to Johnson's challenge to the condition of supervised release, we review de novo whether the sentence imposed in the written judgment matches the district court's oral pronouncement of the sentence. *United States v. Rogers*, 961 F.3d 291, 295-96 (4th Cir. 2020). In *Rogers*, we vacated the defendant's sentence and remanded to the district court based on the court's failure to orally announce the standard, but discretionary, conditions of supervision in the written judgment. *Id.* at 296-301. We explained that "the requirement that a district court expressly adopt a written list of proposed conditions is not a meaningless formality: It is a critical part of the defendant's right to be present at sentencing." *Id.* at 300 (internal quotation marks omitted). A *Rogers* claim cannot be waived by a waiver of appellate rights in a plea agreement. *See United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021).

3

Here, the written description of the special condition—which matched the recommended condition contained in the presentence report (PSR)—requires Johnson to contribute to the cost of substance of substance abuse testing and to cooperate in securing third-party payment for such testing.  We conclude that the written judgment did not impose a new condition on Johnson but instead "may be construed fairly as a clarification of an otherwise vague oral pronouncement." *Rogers*, 961 F.3d at 299 (internal quotation marks omitted).  The inclusion of the additional language in the written judgment clarifies any ambiguity between the court's oral pronouncement (contribute to the cost) and the PSR (contribute to the cost, including by assisting in securing payment from third parties).  Thus, there was no *Rogers* error.

Therefore, we grant the Government's partial motion to dismiss, and affirm in part and dismiss in part.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART; DISMISSED IN PART*

4